UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) **Plaintiff,** ) ) v. ) ) CHARLES J. DUSHEK, ) CHARLES S. DUSHEK, and ) CAPITAL MANAGEMENT ASSOCIATES, ) INC., ) ) **Defendants,** ) ) **and** ) ) MARGARET L. DUSHEK, ) ) **Relief Defendant.** ) ) | Case No. 13-cv-3669 Hon. Gary Feinerman |

### AGREED MOTION FOR THE ENTRY OF JUDGMENT AS TO DEFENDANTS

The United States Securities and Exchange Commission and defendants Charles J. Dushek ("Dushek Sr."), Charles S. Dushek ("Dushek Jr."), and Capital Management Associates, Inc. ("CMA") (collectively, the "Defendants") have agreed to settle this action in part. In a nutshell, the Defendants have agreed to the entry of judgment against them, on a neither-admit-nor-deny basis, and have agreed to the issuance of injunctions. The accompanying exhibits include the Consents executed by the Defendants (Exs. 1-3), as well as the proposed Judgments (Exs. 4-6). Accordingly, the Commission respectfully moves this Court for the entry of the proposed Judgments.

In support of this motion, the Commission states as follows:

1. On May 16, 2013, the Commission filed the Complaint against the Defendants, alleging violations of the federal securities laws.

2. According to the Complaint, Dushek Sr. owned and controlled CMA, an investment advisory firm based in Lisle, Illinois. In that capacity, he made investment decisions on behalf of CMA clients. His son, Dushek Jr., worked for CMA as the vice president of administration.

3. The Complaint alleges that the Defendants engaged in a "cherry picking" scheme from 2008 to 2012. They engaged in cherry picking by assigning millions of dollars in profitable trades to their personal accounts, and millions of dollars in unprofitable trades to CMA clients.

4. The Complaint also alleges that CMA misrepresented its proprietary trading activities in a brochure distributed to clients.

5. The Complaint includes six Counts. The Complaint basically alleges violations of Section 10(b) of the Exchange Act and Rule 10b-5, as well as violations of Sections 206(1) and 206(2) of the Investment Advisers Act. The Complaint also alleges control-person liability, and advances aiding-and-abetting claims.

6. Specifically, Count I alleges that all three defendants violated Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. Count II alleges that Dushek Sr. is liable for CMA's violations as a control person, and Count III alleges that Dushek Sr. and Dushek Jr. aided and abetted those violations. Counts IV and V allege that Dushek Sr. and CMA violated Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)]. Finally, Count VI alleges that Dushek Sr. and Dushek Jr. aided and abetted those violations.

7. The Complaint seeks permanent injunctions, disgorgement, prejudgment interest, and civil penalties from the Defendants. The Complaint also seeks disgorgement, with prejudgment interest, from relief defendant Margaret Dushek (the wife of Dushek Sr.).

8. The Commission and the Defendants have agreed to settle this action in part. Without admitting or denying the allegations in the Complaint, the Defendants have consented to the entry of the proposed Judgments. *See* Ex. Nos. 1-3. The Defendants and their counsel executed the Consents. *Id.*

9. The proposed Judgments permanently enjoin the Defendants from violating the securities laws referenced in the Complaint. The proposed Judgments also order the Defendants to pay disgorgement, prejudgment interest thereon, and civil penalties, but leave the determination of the amount of such monetary relief to the Court upon the Commission's motion. The parties may take discovery in connection with the Commission's motion.

10. The Commission commonly enters into such settlements—colloquially referred to as "bifurcated" settlements—in which a defendant consents to non-monetary relief but reserves the right to a judicial determination as to the amount of monetary relief. Accordingly, the Consents and proposed Judgments incorporate the Commission's standardized bifurcated settlement provisions.

11. Without admitting or denying the factual allegations in the Complaint, the Defendants, through their counsel, agree to the relief requested in this motion.

WHEREFORE, the Commission respectfully moves this Court to enter the proposed Judgments as to the Defendants and grant such other and further relief as the Court deems just and appropriate.

Dated: October 4, 2013

Respectfully submitted,

s/ Steven C. Seeger
Steven C. Seeger  (Seegers@sec.gov)
Paul A. Montoya  (Montoyap@sec.gov)
Nicholas J. Eichenseer  (Eichenseern@sec.gov)
175 West Jackson Blvd., Suite 900
Chicago, IL  60604
(312) 353-7390
(312) 353-7398 (fax)

*Attorneys for Plaintiff*
*U.S. Securities and Exchange Commission*